## DAVID CLARK & another *vs.* HENRY POMEROY.

Under Rev. Sts. c. 128, § 21, no action can be maintained upon a promissory note, the consideration of which was an agreement or understanding to suppress a prosecution against a third person for perjury; and an instruction to the jury that there must have been an agreement to this effect, in order to authorize a verdict for the defendant, though the agreement need not be in writing, or in any particular form of words, is erroneous.

Under an answer to an action upon a promissory note, which alleges that the consideration of the note was illegal and void, and that the payee represented to the maker that if he would sign it a prosecution against a third person for perjury should be discontinued and suppressed, and that the defendant signed it for that purpose, and in consideration thereof the payee agreed to discontinue and suppress the prosecution, the defendant may prove that the consideration of the note was an agreement or understanding to suppress the prosecution.

If, in an action upon a promissory note, the defence to which is that the consideration of the note was an agreement or understanding to suppress a prosecution against a third person for perjury, evidence has been introduced in defence tending to show such an understanding between the parties, the defendant may testify that he would not have signed the note unless the warrant had been exhibited to him, and the payee had stated that he should have the arrest made, if the note was not given.

CONTRACT upon a promissory note for $1083.79, dated April 19, 1856, given by the defendant to the plaintiffs. The answer

admitted the signing of the note, but averred, amongst other things, that if any consideration ever existed, it was illegal and void ; that the plaintiffs and other parties were creditors of F. W. Kibbe, who instituted proceedings in insolvency and was examined touching the disposition of his estate; and David Clark, one of the plaintiffs, alleged that in his examination he had committed perjury, and commenced a prosecution against him therefor in the police court of Springfield and took out a warrant for his arrest; and before the arrest was made represented to the defendant, who was the father-in-law of Kibbe, that if he would sign the note in suit the criminal proceedings should be discontinued and suppressed, but otherwise should be carried on, and every means possible employed to procure Kibbe's conviction, and the defendant was thereby induced to sign the note, and in consideration of his signing it, Clark agreed to discontinue and suppress the criminal proceedings, which was accordingly done.

At the trial in the superior court, before *Vose*, J., there was conflicting evidence in reference to the matters set up in the answer. The defendant testified in substance that the various averments were true, and that the warrant for Kibbe's arrest was exhibited to him before he signed the note; and he was then asked whether or not, if the warrant had not been exhibited to him, and Clark had not stated that he should have Kibbe arrested on it unless the note was given, he would have signed the note. But this evidence was excluded.

The defendant asked the court to instruct the jury that if the warrant for perjury was made use of by Clark in any manner to procure the execution of the note, the note was void. The judge declined so to rule; and instructed the jury that, whatever use may have been made of the warrant to procure the execution of the note, such use of it under the answer in this case would not avoid the note unless it was accompanied with a promise not to serve the warrant if the note was given ; and that it was not encugh that the defendant may have hoped or expected that the warrant would be suppressed, or that Clark may have intended to stop the prosecution if the note was given

but that there must have been an agreement between the parties to that effect, and the note must have been given wholly or partly in consideration of such agreement, though the agreement need not be in writing, or in any particular form of words.

The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions.

*E W. Bond,* for the defendant.

*N. A. Leonard,* for the plaintiffs. The evidence of the defendant as to his motive for signing the note was rightly rejected. *Brooks* v. *Marbury,* 7 Wheat. 575; S. C. 11 Wheat. 87. *Ward* v. *Allen,* 2 Met. 53. *Harding* v. *Cooper,* 1 Stark. R. 467. *Wallace* v. *Hardacre,* 1 Camp. 45. An express agreement was set up in the answer, and the defendant was rightly held to prove it. *Brooks* v. *Marbury, ubi supra.*

DEWEY, J.* Assuming that the defence of an illegal consideration for this note was fully open upon the answer filed by the defendant, the instructions given as to what facts would avoid the note were not sufficiently full.

By the provisions of the Rev. Sts. *c.* 128, § 21, it is enacted that " if any person, having knowledge of the commission of any offence punishable with death, or by imprisonment in the state prison, shall take any money, or any gratuity or reward, or any engagement therefor, upon an agreement or understanding, express or implied, to compound or conceal such offence, or not to prosecute therefor, or not to give evidence thereof, he shall be punished," &c. Under this statute, it would not be sufficient to instruct the jury that the note would not be avoided " unless it was accompanied with a promise not to serve the warrant if the note was given," or, as further stated, that there must have been an agreement between the parties to stop the prosecution, and the note must have been given wholly or partially in consideration of such agreement, though the agreement need not be in writing, or in any particular form of words.

---

* CHAPMAN, J. did not sit in this case.

Under this form of instruction, the jury might have understood that there must have been an express agreement to stop the prosecution, whereas any understanding between the parties to that effect, either express or implied, was sufficient. We think the language of the statute was so framed for the purpose of giving a wider scope of defence than would ordinarily be understood, had the statute been confined to the word agreement.

Giving this construction to the statute, we think it would also lead to the conclusion that the question proposed to the defendant as a witness, whether, if the warrant had not been exhibited to him, and Clark had not stated that he should have Kibbe arrested on it unless the note was given, he would have signed the note, should have been admitted as competent evidence, in connection with the other evidence, tending to show an implied understanding between the parties that if the note was given the offence was not to be prosecuted.

The further inquiry is, whether the defendant was, by reason of the form of the answer, restricted to the case of a direct agreement, and precluded from showing an implied understanding or agreement, to be inferred from the conduct of the parties.

The answer has set forth the general ground, that if any consideration ever existed for the note, said consideration was illegal and void. It then proceeds further to state in detail the facts connected with the giving of the note, and alleges that the plaintiff Clark represented to the defendant that if he would sign the note the criminal proceedings charging Kibbe, his son-in-law, with the crime of perjury, should be discontinued and suppressed, but otherwise every means should be employed to procure said Kibbe's conviction; and that the defendant signed said note for the purpose of having Clark cause said proceedings to be discontinued, and in consideration of the defendant's signing it, Clark agreed to discontinue and suppress the criminal proceedings against said Kibbe, and in pursuance of such agreement Clark did cause the said proceedings to be discontinued.

In the opinion of the court, taking the whole answer, it

sufficiently alleges that the note was given upon an illegal consideration, and entitles the defendant to the full benefit of instructions co-extensive with the provisions of the Rev. Sts. c. 128, § 21.                                                   *Exceptions sustained.*